


# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANNA DIRBIN | : |
| *Plaintiff*, | : **JURY DEMANDED** |
| v. | : Civil Action No.: 19-2653 |
| PHILLY MARKETING GROUP INC. | : |
| *Defendant.* | : |

**FILED**
JUN 1 8 2019
KATE BARKMAN, Clerk
By_____ Dep Clerk

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff, Dianna Dirbin (hereinafter "Plaintiff"), by and through her undersigned attorneys, brings this complaint against Defendant, Philly Marketing Group, Inc., (hereinafter "Defendant"), for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et. seq., the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. § 260.1, et seq., and the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. 333.101, et seq. Plaintiff asserts her FLSA claim as a collective action under 29 U.S.C. § 216(b) and asserts her WPCL and PMWA claims as a class action under Federal Rule of Civil Procedure 23. In support thereof, Plaintiff avers as follows:

### I. Parties and Reasons for Jurisdiction.

1. Plaintiff is an adult female residing at 325 E Baltimore Pike, Apt A, Clifton Heights, Pennsylvania.

2. Plaintiff is an employee covered by the FLSA, the WPCL, and the PMWA.

1



3. Defendant is a corporate entity headquartered at 2 Bala Plaza, Suite 300 Bala Cynwyd, Pennsylvania.

4. Defendant is an employer covered by the FLSA, the WPCL, and the PMWA.

5. The Court may exercise original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

6. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

7. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Defendant is located in this judicial district and because the majority of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## II. FACTS

8. Defendant is a marketing company that performs outsourced sales and marketing, including corporate promotions.

9. Plaintiff was employed by Defendant as a sales representative from on or around March 3, 2019 to on or around March 25, 2019.

10. Defendant paid each Plaintiff an hourly wage of approximately $12.50.

11. Defendant was to pay Plaintiff $50.00 in commission for every person she signed up that provided the last four of their social security number.

12. Plaintiff never received her commission and when it was brought to Defendant's attention she was told that there was an issue with the system.

13 Defendant never provided Plaintiff the commission she earned.

14. Plaintiff and other employees were never paid the commission they earned as per company policy.

## COLLECTIVE AND CLASS ALLEGATIONS

15. Plaintiff brings her FLSA claim pursuant to 29 U.S.C. §216(b) on behalf of

> All individuals, who, during any time within the past three (3) years, have been employed by Defendant (or any affiliated business entity) as sales representatives assigned to Defendant's office in Bala Cynwyd, Pennsylvania.

16. Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other putative collective members, having worked pursuant to the common compensation policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. §216(b).

17. Plaintiff brings her PWCL and PMWA claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of

> All individuals, who, during any time within the last two years have been employed by Defendant (or any affiliated business entity) as sales representatives assigned to Defendant's office in Bala Cynwyd, Pennsylvania.

18. The class action requisites set forth in Federal Rule of Civil Procedure 23 are satisfied and, therefore, class action treatment of Plaintiffs' PWCL and PMWA claims is appropriate.

19. Upon information and belief, the class includes over 50 individuals, all of whom are readily ascertainable based on Defendant's payroll records and are so numerous that joinder of all class members in impracticable.

3

20. Defendant's conduct with respect to the class members raises questions of law and fact that are common to all class members. Common factual questions include, *inter alia*, the development and implementation of the office-wide payroll deductions, timekeeping and compensation practices and/or policies described herein. The legality of these policies and practices will be determined through the application of general legal principles to common facts.

21. Plaintiff is a class member, her claims are typical of the claims of other class members, and Defendant's corresponding defenses are typical of the claims or defenses applicable to the class members because, inter alia, all claims are based on the same legal theories and remedies. Further, Plaintiff's allegations that Defendant violated the FLSA, PWCL, and PMWA's compensation provisions by failing to compensate her for all legally compensable time is sufficiently aligned with the interests of other class members that Plaintiff's pursuit of her own interests will benefit all class members.

22. Plaintiff will fairly and adequately assert and protect the interests of all class members because, inter alia, (a) Plaintiff is represented by experienced counsel who is well-prepared to vigorously and competently litigate this action on behalf of the class members; (b) Plaintiff and her counsel are free of any conflicts of interest that prevent them from pursing this action on behalf of the class members; and ( c) Plaintiff and her counsel have adequate financial resources to assure that the class members' interests will not be harmed.

23. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

## COUNT I
## Violations of the Fair Labor Standards Act ("FLSA")
## 29 U.S.C. §§ 201, *et seq.*

24. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

25. The FLSA requires that employees receive compensation for commission that was earned.

26. Defendant violated the FLSA by failing to compensate Plaintiff and the collective class for all commission earned.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT II
## Violations of Pennsylvania Wage Payment and Collection Law ("WPCL")
## 43 P.S. 260.1, *et seq.*

27. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

28. At all times relevant, Plaintiffs and the class members are employees entitled to the protections under the WPCL.

29. At all times relevant, Defendant is an employer covered by the WPCL.

30. Defendant was to pay Plaintiff $50.00 for every person she signed up.

31. Defendant, however, failed to provide Plaintiff her earned commission.

32. Additionally, Plaintiff and the class members are entitled to commission earned pursuant to the WPCL.

5

33. The WPCL provides that "[e]very employer shall pay all wages, other than fringe benefits and wage supplements, due to his employees on regular paydays designated in advance by the employer." 43 Pa. Cons. Stat. Ann. § 260.3(a).

34. The WPCL confers onto employees the ability to institute legal actions to collect wages payable to them by employers. *See id.* § 260.9a.

35. Defendant's failure to pay Plaintiffs and the class members earned wages is in violation of the WPCL.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT III
### Violations of the Pennsylvania Minimum Wage Act of 1968 ("PMWA")
### 43 P.S. §§ 333.101, *et seq.*

36. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

37. At all times relevant, Plaintiff and the class members are employees entitled to the protections under the PMWA

38. At all times relevant, Defendant is an employer covered by the PMWA.

39. The PMWA entitles employees to compensation for "commission earned" in a workweek. *See* 43 P.S. § 333.104(a).

40. In violating the PMWA, Defendant acted willfully and with reckless disregard of clearly applicable PMWA provisions and willfully violated the PMWA.

WHEREFORE, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

6

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Dianna Dirbin, on behalf of themselves and other members of the class/collective, seek the following relief:

A. Orders permitting this action to proceed as a collective and class action;

B. Unpaid wages (including commission earned);

C. Prejudgment interest;

D. Liquidated damages and penalties;

E. Litigation costs, expenses, and attorney's fees; and

F. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

Date: June 18, 2019

RESPECTFULLY SUBMITTED:

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: *Scott K. Johnson*
**SCOTT K. JOHNSON**, Esq.
Two Penn Center, Suite 1240
1500 John F. Kennedy Blvd.
Philadelphia, PA 19102
Tel.: (267) 546-0124
Fax: (215) 944-6124
Email: scottj@ericshore.com
*Attorney for Plaintiffs, Dianna Dirbin*