IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIANNA DIRBIN,<br>  *Plaintiff*, | : | |
| | | CIVIL ACTION<br>NO. 19-2653 |
| v. | : | |
| PHILLY MARKETING GROUP INC.,<br>  *Defendant*. | : | |

**MEMORANDUM**

**Jones, II  J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　**March 27, 2020**

## I.　　Introduction

The above-captioned matter involves claims for unpaid commissions and overtime wages by Plaintiff Dianna Dirbin, against Defendant Philly Marketing Group Inc.  Specifically, Plaintiff seeks relief against Defendant under: Section 207(a)(1)[1] of the Fair Labor Standards Act ("FLSA")[2] for failure to pay overtime wages; Section 260.3(a) of the Pennsylvania Wage Payment and Collection Law ("WPCL")[3] for failure to pay commissions on her regular pay day; and, Section 333.104(a) of the Pennsylvania Minimum Wage Act of 1968 ("PMWA")[4] for failure to pay commissions.  Plaintiff has also raised common law claims for promissory estoppel, and breach of expressed and implied contracts.

---

[1] Plaintiff does not indicate which section of the FLSA she alleges Defendant violated. However, based upon the allegations set forth in Count I of her Amended Complaint, this Court infers she is bringing said claim under 29 U.S.C. § 207(a)(1), which mandates that employers pay overtime wages for hours worked in excess of forty (40) in a workweek.
[2] 29 U.S.C. §§ 201, *et seq.*
[3] 43 P.S. §§ 260.1, *et seq.*
[4] 43 P.S. §§ 333.101, *et seq.*

In response to a motion to dismiss by Defendant, Plaintiff filed the instant Amended Complaint. Defendant again seeks dismissal, claiming Plaintiff's Complaint is deficient under Rules 12(b)(6)[5] and 23[6] of the Federal Rules of Civil Procedure. Plaintiff has responded to Defendant's Motion[7] and the matter is now ripe for review. For the reasons set forth herein, Defendant's Motion will be granted in part and denied in part.

## II.     Background

Plaintiff's Amended Complaint alleges she worked as a sales representative for Defendant, a marketing company, from approximately March 3, 2019 to March 25, 2019. (Am. Compl. ¶¶ 8-9.) Defendant paid Plaintiff a wage of $12.50 per hour, and agreed to pay her a $50 "commission for every person she signed up [to the marketing campaign] that provided the last four [digits] of their social security number." (Am. Compl. ¶¶ 10-11.) Plaintiff maintains that Defendant failed to pay her any commissions, and that Defendant "provided a false explanation

---

[5] Although Defendant has titled its Motion as one for relief pursuant to Fed.R.Civ.P. 12(b)(1), the contents of the motion and accompanying brief discuss dismissal pursuant to Fed.R.Civ.P. 12(b)(6).

[6] Again, Defendant misstates the statutory provision under which it seeks relief. Namely, Defendant asks for dismissal under Fed.R.Civ.P. 23(b)(6), when in fact, there is no subsection (b)(6) to Rule 23.

[7] Labeled a "Memorandum of Law in Opposition to Defendant's Motion to Dismiss," Plaintiff has not addressed any of the 12(b)(6) concerns lodged by Defendant. Instead, Plaintiff's one-page (of substantive text) "Memorandum" argues Defendant's Motion should be converted to one for summary judgment, and Plaintiff should have an opportunity to conduct discovery. (ECF No. 11 at 1-2.) Although Defendant has provided information in its motion which, if considered by the court, would require conversion of the motion, this Court is excluding said information and will not be considering anything submitted by Defendant that is outside the pleadings. As such, the motion will not be converted. *See* Fed.R.Civ.P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to *and not excluded by the court*, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.") (emphasis added). Plaintiff's misguided assumption that the court would be converting said motion without notice and an opportunity to respond, does not excuse her failure to substantively address the 12(b)(6) claims set forth by Defendant.

for the failure to pay[.]" (Am. Compl. ¶¶ 12-13.) Plaintiff further alleges Defendant failed to pay commissions to similarly situated employees. (Am. Compl. ¶ 14.)

In addition to the foregoing, Plaintiff alleges Defendant also failed to pay her and other employees overtime wages for their "travel time from the morning sales meeting at the company's Bala Cynwyd office to the work locations throughout metropolitan Philadelphia." (Am. Compl. ¶ 15.) Plaintiff estimates that this travel time amounted to one (1) to two (2) additional hours of time per workday. (Am. Compl. ¶ 15.)

## III.     Standard of Review

When reviewing a Rule 12(b)(6) motion, district courts must first separate legal conclusions from factual allegations. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Legal conclusions should be discarded, and well-pleaded facts given the deference of truth. *Id*. at 210-211. Courts must then determine whether the well-pled facts state a "plausible claim for relief." *Id*. at 211.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)).

## IV. Discussion

When considering a motion to dismiss under Rule 12(b)(6), a court must utilize a three-part assessment: (1) identify the elements a party must plead to state a claim; (2) determine whether allegations are no more than conclusions and are thus not entitled to the assumption of truth; and, (3) assume the veracity of well-pleaded factual allegations and determine if they "plausibly give rise to an entitlement for relief." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 664). At this stage of the litigation, a court must only determine whether the non-movant has sufficiently pled its claims; not whether it can prove them. *Fowler*, 578 F.3d at 213.

### A. Fair Labor Standards Act

Plaintiff's Amended Complaint alleges in pertinent part as follows:

> By not paying the Plaintiff and members of the collective class for travel time from the morning meeting and the sales location, which was approximately one-to-two hours per day (or five to ten hours per week), Defendant violated the FLSA by failing to compensate overtime hours for Plaintiff and the and the collective class for all hours worked beyond forty hours per week. In a typical week, Plaintiff and the members of the collective class would work five to ten hours per week beyond forty hours and would not be paid an overtime rate for that time.

(Am. Compl. ¶ 27.)

Defendant argues Plaintiff's FLSA claim must be dismissed because "[t]he allegations that Defendant has improperly withheld commissions do not violate FLSA unless it caused Plaintiff to have received less than minimum wage." (ECF 10-1, Def.'s Resp. Br. 3.) Defendant's argument is not responsive to Plaintiff's pleading.

Under the FLSA, "employees who work more than 40 hours per week are entitled to overtime pay unless they fall within one of . . . [it]s exemptions."[8] *Smith v. Johnson & Johnson*, 593 F.3d 280, 284 (3d Cir. 2010) (citing 29 U.S.C. §§ 207, 213). Overtime compensation is due to employees "for [their] time worked in excess of forty hours 'at a rate not less than one and one-half times the regular rate at which [they are] employed.'" *Bell v. SEPTA*, 733 F.3d 490, 493 (3d Cir. 2013) (quoting 29 U.S.C. § 207(a)(1)). The FLSA only "governs compensation for 'hours worked[,]'" but it does not define what constitutes "work." *Sec'y United States DOL v. Am. Future Sys.*, 873 F.3d 420, 425 (3d Cir. 2017).

Whether travel time is considered "working time depend[s] upon the kind of travel involved." 29 C.F.R. § 785.33. If "an employee is required to report at a meeting place to receive instructions or to perform other work there . . . the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice." 29 C.F.R. § 785.38. Thus, as a threshold matter, Plaintiff's travel time is compensable under the FLSA.

"[I]n order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege [forty] hours of work in a given workweek as well as some uncompensated time in excess of the [forty] hours." *Davis v. Abington Memorial Hospital*, 765 F.3d 236, 241 (3d Cir. 2014). (alterations in original) (quoting *Lundy v. Catholic Health Sys.*, 711 F.3d 106, 114 (2d Cir. 2013)). The Third Circuit has held that in order to survive a 12(b)(6) motion for unpaid overtime

---

[8] Based upon the facts alleged in Plaintiff's Amended Complaint, this Court infers Plaintiff is not covered by any of the FLSA's exemptions. *See generally* 29 U.S.C. §§ 207(b)-(r) and 213(b), (d)-(j). "The FLSA is remedial and is construed broadly, but exemptions to it are construed narrowly i.e., against the employer." *Smith*, 593 F.3d at 284 (citing *Lawrence v. City of Philadelphia*, 527 F.3d 299, 310 (3d Cir. 2008)).

5

under the FLSA, a plaintiff need not . . .

> identify the exact dates and times that she worked overtime. For instance, a plaintiff's claim that she "typically" worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours . . . she worked during one or more of those forty-hour weeks, would suffice.

*Davis*, 765 F.3d at 243.

Therefore, "'in order to state a plausible FLSA overtime claim, a plaintiff must sufficiently allege [forty] hours of work in a given workweek[,] as well as some uncompensated time in excess of the [forty] hours.'" *Id*. at 242 (quoting *Lundy v. Catholic Health System of Long Island Inc.*, 711 F.3d 106, 114 (2d Cir. 2013)). Inasmuch as Plaintiff herein has pleaded that in a typical week, "she would work five to ten hours per week beyond forty hours and would not be paid an overtime rate for that time[,]" she has adequately pleaded a plausible claim for relief regarding overtime pay under the FLSA. (Am. Compl. ¶ 27).

However, there are deficits with Plaintiff's attempt to bring her FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b). The FLSA "provides that an action may be brought 'by any one or more employees for and [o]n behalf of [her]self or themselves and other employees similarly situated' and that '[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.'" *Halle v. West Penn Allegheny Health Sys.*, 842 F.3d 215, 222-23 (3d Cir. 2016) (quoting 29 U.S.C. § 216(b)). As explained by the Third Circuit, "[t]he collective action is a form of group litigation in which a named employee plaintiff or plaintiffs file a complaint in behalf of a group of other, initially unnamed employees who purport to be similarly situated to the named plaintiff." *Karlo v. Pittsburgh Glass Works, LLC*, 849 F.3d 61, 85 (3d Cir. 2017) (internal footnote and quotations omitted) (citing *Halle*, 842 F.3d at 223).

Courts employ a two-step approach to determine whether an action under the FLSA can be certified as a collective action. *Halle*, 842 F.3d at 224. The first step requires a "named plaintiff to make a 'modest factual showing'—something beyond mere speculation—to demonstrate a factual nexus between the manner in which the employer's alleged policy affected him or her and the manner in which it affected the proposed collective action members." *Id.* This is termed "conditional certification" and it results in "the dissemination of court-approved notice to potential collective action members[,]" and is thus nothing more than a court exercising its "discretionary authority to oversee and facilitate the notice process." *Id.* (citations omitted). The second step involves a determination by the court as to "whether plaintiffs who have opted to join the action following conditional certification are similarly situated to the named plaintiffs under the FLSA." *Wilson v. Wings Over Happy Valley MDF, LLC*, No. 4:17-cv-00915, 2020 U.S. Dist. LEXIS 30207, at *6 (M.D. Pa. Feb. 21, 2020) (citing *Halle*, 842 F.3d at 226).

The court finds that Plaintiff has failed to make a factual showing that other similarly situated employees of Defendant were similarly impacted by Defendant's alleged failure to pay employees for their travel time. This is so because although Plaintiff's Amended Complaint alleges Defendant failed to pay her and the collective class for "five to ten hours per week" of travel time, it also raises questions about whether the collective class could be considered similarly situated to Plaintiff. Plaintiff's Amended Complaint is devoid of any information regarding the other employees' work locations, thereby preventing a determination as to whether the allegedly unpaid "travel time" amounted to a similar number of overtime hours for these individuals. To wit, Plaintiff states that the unpaid time was "travel time from the morning sales meeting at the company's Bala Cynwyd office to the *work locations throughout metropolitan Philadelphia*." (Am. Compl. ¶ 15 (emphasis added).) Presumably, not all members of the

proposed collective class worked at the same locations throughout the Philadelphia area, thus their travel time may have varied significantly. Accordingly, this Court cannot conditionally certify the collective action at this time. If, at a later date, Plaintiff can make a showing that all employees' travel time was substantially similar, this Court shall revisit the issue of a collective action at that time.

In view of the foregoing, Defendant's motion shall be denied with regard to Plaintiff's FLSA claim. Any decision regarding a conditional certification of the collective action pursuant to 29 U.S.C. § 216(b) shall be deferred pending discovery. *See Halle,* 842 F.3d at 224-25 (courts may "permit the issue to be revisited after discovery or efforts by the named plaintiff to re-define the contours of the proposed collective action.").

### B.     State Law Claims[9]

The remaining claims in Plaintiff's Amended Complaint arise under state law. In particular, Plaintiff brings claims under Pennsylvania's Wage Payment and Collection Law and Minimum Wage Act, as well as claims for promissory estoppel, and breach of express and implied contracts. For the reasons stated below, all of Plaintiff's state law claims shall be dismissed.[10]

---

[9] A federal district court may "exercise jurisdiction supplemental to their federal question jurisdiction . . .'in any civil action of which the district courts have original jurisdiction[.]'" *Lyon v. Whisman*, 45 F.3d 758, 759 (3d Cir. 1995) (quoting 28 U.S.C. § 1367).

[10] This Court further notes that based on the allegations set forth in her Amended Complaint, Plaintiff is not currently entitled to class certification. Although "ordinarily, the 'proper procedure is for the named representative to file a motion for class certification[,]' . . . [t]here is no *per se* rule that a plaintiff must move for class certification before the issue can be considered by the District Court." *Richardson v. Dir. Fed. Bureau of Prisons*, 829 F.3d 273, 288 (3d Cir. 2016). While Plaintiff has yet to file a motion for class certification, the facts as averred in her Amended Complaint do not indicate that she would be able to satisfy the requirements of Rule 23.

  In order for a court to find that it is appropriate for a matter to proceed as a class action, it must conduct a two-step analysis. First, it must determine whether the named plaintiff has

i. **Pennsylvania Wage Payment and Collection Law**

Plaintiff's WPCL claim cannot be maintained as stated. Plaintiff alleges Defendant failed to pay her and class members their promised $50 commissions "for every person [they] signed up[,]" as well as failed to pay overtime wages for transportation time, in violation of the WPCL. (Am. Compl. ¶¶ 31-32.) As Defendant correctly notes, Plaintiff's WPCL claim is devoid of specificity, as Plaintiff "fails to aver how much she believes she is owed, how many sales she believes she made in this three-week period, and how many [sales] should have generated commissions." (Def.'s Resp. Br. 5.)

Moreover, Plaintiff's claim does not comport with the WPCL, which "does not create a right to compensation" but instead "provides a statutory remedy when the employer breaches a *contractual obligation* to pay earned wages." *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003) (emphasis added); *see also Oberneder v. Link Computer Corp.*, 696 A.2d 148, 150 (Pa. 1997) ("The [WPCL] provides employees a statutory remedy to recover wages and other benefits that are contractually due to them."). Thus, in order to state a claim under the WPCL, a plaintiff must "allege the existence of an employment contract . . . [or] 'at a minimum,

---

demonstrated that she meets the requirements of Rule 23(a), that: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). These requirements are generally termed numerosity, commonality, typicality, and adequacy of representation.

Next, the court must determine whether the plaintiff has satisfied one of the conditions of Rule 23(b). Rule 23(b)(3), under which Plaintiff seeks class certification, requires that a plaintiff show that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3).

Plaintiff's Amended Complaint fails to demonstrate how she would be able to satisfy the requirements of Rule 23, were she to move for class certification.

an implied oral contract between the employee and employer.'" *Rui Tong v. Henderson Kitchen, Inc.*, No. 17-1073, 2018 U.S. Dist. LEXIS 176294, at *19 (E.D. Pa. Oct. 7, 2016) (quoting *Drummond v. Herr Foods Inc.*, No. 13-5991, 2014 U.S. Dist. LEXIS 2409, at *9 (E.D. Pa. Jan. 9, 2014)).

The WPCL claim contained within Plaintiff's Amended Complaint fails to aver the existence of an express or implied contract that relates to overtime wages or commissions, and thus cannot survive a motion to dismiss. While Plaintiff states that Defendant "promised" to pay her a $50 commission "for each person she signed up that provided the last four [digits] of their social security number[,]" (Am. Compl. ¶ 11), this does not satisfy the pleading standard for an implied contract under the WPCL. *See Giuliani v. Polysciences, Inc.*, 275 F. Supp. 3d 564, 578 (E.D. Pa. 2017) (citation omitted) ("Under Pennsylvania law, an implied contract arises when parties agree on the obligation to be incurred, but their intention, instead of being expressed in words, is inferred from the relationship between the parties and their conduct in light of the surrounding circumstances."). Plaintiff has not alleged *any* course of conduct from which an implied contract could be inferred.

Moreover, Plaintiff has similarly failed to a state a claim for unpaid overtime wages under the WPCL. *Smeltzer v. Eaton Corp.*, No. 17-843, 2018 U.S. Dist. LEXIS 122012, at *10 (E.D. Pa. July 20, 2018) (quoting *Arrington v. Willow Terrace & RC Operator, LLC*, No. 16-2599, 2016 U.S. Dist. LEXIS 139669, at *9 (E.D. Pa. Oct. 7, 2016)) ("[Plaintiff] bears the burden of establishing that there was an [express contract or] implied oral agreement for overtime pay under the WPCL and must make specific allegations 'of a contract between the Plaintiff and the Defendant whereby Defendant was obligated to make these payments.'") Because "Plaintiff fails to plead any facts demonstrating that [she] was contractually entitled to

this compensation . . . Plaintiff's claim is insufficient" and must be dismissed. *Arrington*, 2016 U.S. Dist. LEXIS 139669, at *9.

Accordingly, the WPCL claim set forth in Count II of Plaintiff's Amended Complaint shall be dismissed.

### ii. Pennsylvania Minimum Wage Act

Similar to her WPCL claim, Plaintiff alleges Defendant violated the PMWA when it failed to pay her commissions as promised. (Am. Compl. ¶ 40.) In response, Defendant argues Plaintiff's PMWA claim "fails on its face[,]" for she concedes she was paid $12.50 per hour, which is in excess of the federal minimum wage. (Def.'s Resp. Br. 5-6.) Defendant is correct.

The PMWA provides that employers must pay their employees a wage that is equal to or greater than the federal minimum wage of $7.25 per hour. *See* 43 P.S. § 333.104(a.1). When an employee is paid an hourly wage and is also paid via commissions, "the wage paid weekly to the employee shall for each hour worked at least equal the applicable [federal] minimum [wage.]" 34 Pa. Code § 231.23. Thus, in order to sustain a PMWA claim for unpaid commissions, "a plaintiff must allege that h[er] average hourly wage falls below the federal minimum wage[,]" when such a calculation is inclusive of commissions. *See Rui Tong*, 2018 U.S. Dist. LEXIS 176294, at *7 (citation omitted).

Plaintiff's averments clearly state that she was paid more than the federal minimum wage, as her hourly rate of pay was $12.50. (Am. Compl. ¶ 10.) Accordingly, the PMWA claim for unpaid commissions set forth in Count III of Plaintiff's Amended Complaint shall be dismissed.

### iii. Promissory Estoppel

As with her WPCL and PMWA claims, Plaintiff alleges "Defendant promised to pay [her] $50.00 in commission for every person she signed up that provided the last four [digits] of their social security number" in support of a promissory estoppel claim. (Am. Compl. ¶ 11.)

A claim for promissory estoppel "arises when a party relies to h[er] detriment on the intentional or negligent representations of another party, so that in order to prevent the relying party from being harmed, the inducing party is estopped from showing that the facts are not as the relying party understood them to be." *Constar, Inc. v. Nat'l Distribution Ctrs., Inc.*, 101 F. Supp. 2d 319, 323 (E.D. Pa. 2000) (citing *Thomas v. E.B. Jermyn Lodge No. 2*, 693 A.2d 974, 977 (Pa. Super. 1997)). To establish such a claim, a plaintiff must allege:

> "'(1) the promisor made a promise that [it] should have reasonably expected would induce action or forbearance on the part of the promisee; (2) the promisee actually took action or refrained from taking action in reliance on the promise; and (3) injustice can be avoided only by enforcing the promise.'"

*Chand v. Merck & Co.*, No. 19-0286, 2019 U.S. Dist. LEXIS 125867, at *8 (E.D. Pa. July 26, 2019) (quoting *Sullivan v. Chartwell Inv. Partners, LP*, 873 A.2d 710, 717-18 (Pa. Super. Ct. 2005)).

To that end, a plaintiff must allege an express promise, as a "broad and vague implied promise" will not suffice. *C&K Petroleum Products, Inc. v. Equibank*, 839 F.2d 188, 191-92 (3d Cir. 1988).

This Court finds that Plaintiff has done nothing more than allege a broad and vague *implied* promise. *See, e.g.*, *Elwell v. SAP Am., Inc.*, No. 18-cv-0489, 2019 U.S. Dist. LEXIS 38003, at *15 (E.D. Pa. Mar. 8, 2019) (granting a motion to dismiss based on the plaintiff's failure to plead an express promise when the plaintiff alleged he "accepted and performed the salesperson job based upon Defendant's representation that he would earn commissions based on

12

the Commission Calculator . . . [as] nothing in the Commission Calculator constituted a promise, but instead described the method used to compute commissions without stating when commissions would be paid or how much any salesperson would receive."). Moreover, Plaintiff has not stated the manner in which Defendant communicated its promise to pay her and other employees commissions, nor has she indicated *what* she was signing people up for in order to earn commissions. It is also unclear from Plaintiff's Amended Complaint whether she was working on multiple different sales and marketing campaigns or only one, thus this Court cannot ascertain whether *all* sign-ups would qualify for commissions or only some. Further, Plaintiff has not averred any facts to indicate that she relied on Defendant's promise to her detriment.

Because of these fatal deficiencies, this Court shall dismiss the promissory estoppel claim set forth in Count IV of Plaintiff's Amended Complaint.

### iv. Breach of Contract

Plaintiff alleges "Defendant failed to pay Plaintiff and the similarly situated class members' commissions pursuant to the written company policy to do [so]." (Am. Compl. ¶ 9.) Plaintiff does not indicate what "written company policy" established that employees would earn $50 commissions or the terms specified in said policy, nor has she pled any facts which would indicate that the policy could reasonably be construed as a contract.

Accordingly, the breach of contract claim as set forth in Count V of Plaintiff's Amended Complaint fails to allege facts that plausibly demonstrate a right to relief, and must be dismissed. *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]").

### v. Breach of Implied Employment Contract

"Under Pennsylvania law, an implied contract arises when parties agree on the obligation to be incurred, but their intention, instead of being expressed in words, is inferred from the relationship between the parties and their conduct in light of the surrounding circumstances." *Elwell*, 2019 U.S. Dist. LEXIS 38003, at *12 (citing *Oxner v. Cliveden Nursing & Rehab. Ctr. PA, L.P.*, 132 F. Supp. 3d 645, 649 (E.D. Pa. 2015)). In order to state a claim, the employee must show that she and the employer intended to form a contract. *Id.* (citations omitted).

Plaintiff has not alleged *any* course of conduct from which an implied contract could be inferred. *See, e.g.*, *Elwell*, 2019 U.S. Dist. LEXIS 38003, at *13 (granting a motion to dismiss where the plaintiff alleged a five-year course of conduct regarding the payment of commissions but did not aver "any facts regarding Defendant's intent to obligate itself to [commission] payments[.]"); *Giuliani*, 275 F. Supp. 3d at 578-79 ("Although plaintiff claims that he received a bonus every year of his employment irrespective of profitability, the complaint is devoid of facts suggesting that the payment of bonuses was anything other than discretionary or that defendant intended to obligate itself to pay bonuses each year.").

Accordingly, Count VI of Plaintiff's Amended Complaint shall be dismissed.

### C. Leave to Amend

Amendments to a Complaint may be made if the amendment occurs within: "21 days after serving it, or . . . if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). Leave must be freely granted "when justice so requires." *Id.* However, leave may be denied where undue delay, bad faith, dilatory motive,

prejudice, or futility are present. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). In examining futility, the court applies the legal standards of Rule 12(b)(6). *Id.*

In this case, Plaintiff amended her Complaint in response to deficiencies set forth by Defendant in its first Motion to Dismiss. Because this Court cannot definitively ascertain that amendment of Plaintiff's WPCL, promissory estoppel, breach of contract, and breach of implied contract claims would be futile, Plaintiff shall be granted leave to amend same. However, leave to amend her PMWA claim shall not be granted, as amendment would be futile because she did not earn less than minimum wage.

**V.      Conclusion**

For the reasons set forth above, Defendant's Motion to Dismiss shall be denied as to Count I and granted as to Counts II through VI. Plaintiff is granted leave to file a Second Amended Complaint in accordance with this Court's determinations above.

An appropriate Order follows.

BY THE COURT:

/s/ C. Darnell Jones, II    J.
C. Darnell Jones, II.   J.